UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Kevin Collins,   Case No. 5:10-cv-509

        Petitioner,

v.   **MEMORANDUM AND ORDER**

Secretary, Department of
Corrections, and
Florida Attorney General,

        Respondents.

---

Petitioner Kevin Collins is a detainee in the custody of the Florida Department of Corrections. Collins, proceeding pro se, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court, having considered the Petition and the parties' submissions, concludes that the Petition does not provide a basis for federal habeas corpus relief.

**BACKGROUND**

On September 13, 2004, Petitioner was charged with burglary of a structure and grand theft in the Fifth Judicial Circuit of Florida. (Respt's App. B at 1-2.) Petitioner's case went to trial on February 27, 2006. (App. D.) During the trial, Nigel Willoughby, Petitioner's co-defendant who had entered into a plea agreement, testified that Petitioner participated in the burglary. (Id. at 219-40.) Other evidence against Petitioner included the testimony of the arresting officers (id. at 134-83), and a surveillance tape from Rex Audio, the location of the burglary (id. at 200).

Upon completion of testimony and following jury instructions, the trial court informed the jury that the jury room did not have a video player, and that the jury could watch the surveillance tape in the courtroom if they so requested. (Id. at 350.) Neither party objected to this procedure. (App. K at 127.) Shortly after beginning deliberations, the jury requested to see the tape, and they were brought into the courtroom. The trial court instructed the bailiff to remain in the courtroom to operate the video player for the jury. (App. D at 351.) Petitioner and his attorney were not present when the bailiff was so instructed. (App. K at 126.) No one other than the jury and the bailiff was present in the courtroom for the playing of the tape. (Id.) The jury returned a guilty verdict on February 28, 2006. (App. B at 147-48.)

Following his conviction, the State notified Petitioner of its intention to seek violent career criminal status under Florida Statute § 775.084. (Id. at 146.) Following a sentencing hearing (id. at 218-48), the court determined that Petitioner qualified as a violent career criminal (id. at 166-68). The court based its determination on Petitioner's prior convictions, including a 1987 burglary in Solano County, California; a 1988 burglary in Napa County, California; a 1988 conviction for assault with a firearm in Solano County, California; and a 1995 federal conviction for possession of a firearm by a felon. (Id. at 262-63.) The court then sentenced Petitioner to 15 years' imprisonment. (Id. at 202.)

Petitioner filed his Notice of Appeal on April 20, 2006. (Id. at 261.) Petitioner's appointed public defenders filed an Anders[1] brief and were granted leave to withdraw. (App. E.) Petitioner filed an initial brief pro se on March 23, 2007. (App. F.) Petitioner claimed that his constitutional rights had been violated because the bailiff was present during jury deliberations. The court of appeals affirmed the conviction and sentence per curiam. Petitioner then filed subsequent motions for rehearing and clarification, all of which were denied. (App. H, I.) Petitioner filed a petition for certiorari with the Florida Supreme Court, and that petition was denied on July 30, 2007.

On January 31, 2007, Petitioner filed a motion with the Florida Court of Appeals seeking leave to file a Rule 3.800[2] motion with the trial court. Petitioner simultaneously filed the Rule 3.800 motion. (App. J at 1-12.) The court of appeals denied the motion for leave to file on February 9, 2007. (App. T.) The trial court then denied the Rule 3.800 motion on the merits, and Petitioner appealed. (App. J at 13-19.) The court of appeals dismissed the appeal for lack of jurisdiction. (Id. at 20.)

Petitioner then filed a second Rule 3.800 motion with the trial court, arguing that he should not have been deemed a career offender under § 775.084. (App. Q.) Petitioner argued that the trial court erred in applying § 775.084, because his Solano County, California burglary conviction was not a "qualified offense" analogous to his Florida

---

[1] Petitioner's appointed counsel requested leave to withdraw because there were no non-frivolous grounds for appeal, following the procedure outlined in Anders v, California, 386 U.S. 738 (1967).

[2] Fla. R. Crim. P. 3.800 provides that a convicted defendant may file a motion with the trial court to correct an illegal or incorrectly calculated sentence.

burglary conviction. The trial court denied the motion as successive on January 7, 2009. (App. R.) On appeal, the court of appeals held that the trial court did not have jurisdiction over Petitioner's original Rule 3.800 motion, and thus the March 22, 2007, ruling by the trial court was a nullity. Collins v. State, 17 So. 3d 790 (Fla. Dist. Ct. App. 2009). On August 28, 2009, the trial court issued an order denying Petitioner's second brought Rule 3.800 motion. (App. U.) Petitioner appealed, and the court of appeals again affirmed. Collins v. State, 32 So. 2d 636 (Fla. Dist. Ct. App. 2010). Petitioner also filed an "emergency" petition for habeas corpus, arguing that the trial court did not have jurisdiction to issue its August 28 order because the court of appeals had not relinquished jurisdiction. (App. BB.) The petition was dismissed without opinion. (App. CC.)

Petitioner next filed a motion for post-conviction relief with the trial court on August 6, 2007. (App. K at 1-12.) Petitioner raised six grounds for relief, including claims identical to Claim 1 and Claim 3 of the instant petition. The trial court held an evidentiary hearing on March 12, 2008, and subsequently denied the motion. (Id. at 113-202.) Petitioner filed an appeal. (App. L, M.) The court of appeals affirmed the trial court's denial of post-conviction relief without opinion. Collins v. State, 995 So. 2d 980 (Fla. Dist. Ct. App. 2008). Petitioner filed a motion for rehearing, which the court of appeals denied. (App. O, P.)

On May 13, 2009, Petitioner filed a Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Appellate Counsel with the court of appeals. (App. X.) Petitioner argued for relief on nine separate grounds, including claims identical to Claim 4 of the instant petition. (Id.) The petition was dismissed without opinion. (App. AA.)

The Petitioner then timely filed the instant Petition with this Court on September 28, 2010.

**DISCUSSION**

Petitioner raises the following four claims: 1) the trial court erred in allowing the jury to view the videotape in the presence of the bailiff in violation of the 5th, 6th, and 14th Amendments; 2) he was improperly deemed an habitual offender; 3) the trial court committed plain error by failing to issue limiting jury instructions relating to his co-defendant's testimony, and trial counsel was ineffective for failing to request such an instruction; and 4) appellate counsel was ineffective for failing to ensure a complete record on appeal, failing to preserve the habitual offender issue, and that counsel's errors cumulatively prejudiced his defense. Respondent contends that Claim 2 is not cognizable under federal habeas review, and that Claim 4 is in part barred because it was not exhausted below.

**A.     Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). The AEDPA restricts habeas relief to those situations where the state court decision was contrary to or an unreasonable application of Federal law as determined by the Supreme Court of the United States, or was an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

B.     **Exhaustion Requirement**

A person in custody must exhaust his remedies in state court prior to seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). This means that the issues presented in the federal petition must first have been presented to the state courts. See Picard v. Connor, 404 U.S. 270, 276 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). Even if not exhausted, however, the Court may rule on the merits of the petition: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Therefore, the Court may, and will, exercise its discretion to consider any of Petitioner's unexhausted claims.

C.     **Claim 1**

Petitioner alleges that his constitutional rights were violated in three ways relating to the jury's viewing the surveillance video during deliberations: (1) Petitioner was deprived of the opportunity to object to the procedure; (2) Petitioner was deprived of his right to be present during all stages of the trial; and (3) the bailiff's presence was a structural defect that constitutes reversible error.

Petitioner's first two objections rest on his contention that neither he nor defense counsel were present at the time the trial court allowed the jury to view the tape. The trial court held an evidentiary hearing on this issue and concluded that although Petitioner was not present at the time of the request, he had been notified in advance of how the court would handle such a request and did not object to that process. (App. K at 126-27.)

The courts of appeals have taken different views on this issue. The Ninth Circuit, for example, has held that a defendant has a Sixth Amendment right to be present when a jury is read back testimony or allowed to review taped conversations. <u>United States v. Kupau</u>, 781 F.2d 740, 743 (9th Cir. 1986). In contrast, the D.C. Circuit has held that a defendant does not have the right to be present during the replay of taped evidence. <u>United States v. Sobamowo</u>, 892 F.2d 90, 97 (D.C. Cir. 1989). Although the Supreme Court has recognized that criminal defendants have the right to be present at all "critical stages of the trial," <u>Rushen v. Spain</u>, 464 U.S. 114, 117 (1983), the Court has never addressed whether replay of video evidence to a jury is a critical stage of the trial triggering a criminal defendant's fundamental right to be present. Given the difference of opinion on this issue and the lack of clear guidance from the Supreme Court, the trial court's determination was not contrary to or an unreasonable application of clearly established federal law.

Even if this Court were to find that the Petitioner's Sixth Amendment rights had been violated, the error was harmless. A constitutional error is harmless only if it is harmless beyond a reasonable doubt. <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967). Here, there is no evidence that any undue influence was exerted or that any extraneous matters came before the jury. As discussed below, the procedure used to present the video was proper. Moreover, even had Petitioner or his counsel been present and objected, the trial court had broad discretion to overrule the objection. See <u>Dallago v. United States</u>, 427 F.2d 546, 554 (D.C. Cir. 1969) ("The methodology for transmission of exhibits to the jury during its deliberations is a matter well within the court's

administrative authority over the trial."). There is no indication that Petitioner "could have done [anything] had [he] been [present], nor would [he] have gained anything by attending." United States v. Gagnon, 470 U.S. 522, 527 (1985). Thus, any error was harmless beyond a reasonable doubt.

The third objection relating to the tape, that the bailiff should not have been in the courtroom while the jury watched the tape, is likewise without merit. The record is devoid of any indication that the bailiff made any statements to the jury or otherwise acted improperly. The mere presence of a bailiff, absent the exertion of undue influence, does not have a prejudicial effect on the jury. See, e.g., Parker v. Gladden, 385 U.S. 363, 364 (1966) (holding that bailiff's prejudicial comments to the jury deprived defendant of rights of confrontation and an impartial jury); Gonzales v. Beto, 405 U.S. 1052, 1055-56 (1972) (holding that where the bailiff in charge of the jury is also a key prosecution witness, the defendant's rights are violated by a constant association between the bailiff and the jury); Turner v. Louisiana, 379 U.S. 466, 467 (1965) (same). The presence of non-jurors during deliberations is not, by itself, fundamental error. See United States v. Olano, 507 U.S. 725 (1993) (holding that the presence of non-participating alternates in jury room during deliberation of alternates was not plain error, as it did not affect substantial rights of defendants). Petitioner has not demonstrated that there was any communication between the bailiff and the jury. The trial court found that nothing occurred other than a playback of the tape. (App. K at 127.) Petitioner has the burden of rebutting this finding with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). He has failed to do so.

Accordingly, the Court finds that the trial court did not err in allowing the bailiff to remain in the courtroom while the jury viewed the tape, that any error caused by Petitioner's absence was harmless beyond a reasonable doubt, and that the trial court's factual findings regarding the bailiff's conduct were reasonable in light of the evidence and have not been rebutted. Claim 1 is therefore without merit.

**D.     Claim 2**

Petitioner next argues that his prior California burglary conviction was improperly considered a "qualified" offense sufficient to subject him to habitual criminal sentencing enhancements. Section 775.084(d)(1)(a) provides that a person convicted of three or more qualified violent crimes is a violent career criminal. Burglary is defined as a "qualified violent crime" under the statute. Id.; see also Fla. Stat. § 776.08 (including burglary among "forcible felonies" that are "qualified violent crimes"). Conviction of a third degree felony, such as burglary, normally carries a maximum sentence of five years imprisonment. However, a violent career criminal convicted of any felony faces a mandatory minimum sentence of ten years and a maximum sentence of fifteen years.

Petitioner cites Taylor v. United States, 495 U.S. 575 (1990), to support his assertion that the California burglary statute is not analogous to the Florida burglary statute, and that his prior conviction therefore should not have been deemed a qualified offense under Florida law. But Taylor involved the meaning of the term "burglary" in the context of the Career Criminals Amendment Act of 1986, not in analyzing Florida's career offender statute. 495 U.S. at 577. Therefore, Taylor does not apply and the trial

court reasonably determined that Petitioner's California burglary conviction was analogous to his Florida burglary conviction.

Further, the Court agrees with the State's argument that this claim involves matters only of state law, and thus is not an appropriate ground for relief, because the central question is whether the trial court violated its own sentencing procedures. The Court cannot conduct an examination of an issue concerning only state law. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988). The Court agrees that Claim 2 is based exclusively on state law issues which are merely "couched in terms of equal protection and due process." Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976). Petitioner does not claim that the law was applied unequally to him as compared to others similarly situated. He does not claim that the court did not follow the proper procedure in determining his status as a habitual offender. Petitioner only claims that a Florida court incorrectly interpreted Florida law. The claim is not cognizable for federal habeas review.

**E.     Claim 3**

Petitioner argues the trial court erred in admitting testimony regarding his co-defendant's guilty plea. Petitioner argues that the jury should have been cautioned that Willoughby's guilty plea was not evidence of Petitioner's guilt, and could only be used to determine Willoughby's credibility. Petitioner did not make this objection during the trial. Accordingly, the trial court's decision is reviewed for plain error. United States v. King, 505 F.2d 602, 605 (5th Cir. 1974). The trial court's failure to issue a limiting instruction was not plain error, because Petitioner's counsel appropriately used the guilty

plea to argue Willoughby had motive to lie, and because there is no indication that evidence of Willoughby's guilty plea prejudiced the defense.

Petitioner was entitled to have his guilt determined on the basis of the evidence against him, not on whether a co-defendant had pled guilty to the same charges. Babb v. United States, 218 F.2d 538, 542 (5th Cir. 1955). A co-defendant's guilty plea is admissible for the purpose of assessing the witness' credibility, but not for the purpose of evidencing another's guilt. United States v. Fleetwood, 528 F.2d 528, 532 (5th Cir. 1976). Admitting a co-defendant's guilty plea without a limiting instruction may be plain error. United States v. Harrell, 436 F.2d 606, 617 (5th Cir. 1970). The absence of an instruction is ordinarily insufficient to be plain error on its own; there must be some aggravating factor that makes admission of the guilty plea prejudicial. See id. at 614 (because the testifying defendant repeatedly asserted that fellow defendant was not implicated by his guilty plea, admitting evidence of the guilty plea without instruction was plain error). The court in King outlined factors to consider when determining if admitting evidence of a guilty plea is plain error:

> The presence or absence of an instruction is an important factor, but it is also essential to consider other factors, such as whether there was a proper purpose in introducing the fact of the guilty plea, whether the plea was improperly emphasized or used as substantive evidence of guilt, whether the introduction of the plea was invited by defense counsel, whether an objection was entered or an instruction requested, whether the defendant's failure to object to the testimony could have been the result of tactical considerations, and whether, in light of all the evidence, the failure to give an instruction was harmless beyond a reasonable doubt.

505 F.2d at 608 (footnotes omitted). Overall, these factors weigh against a finding of plain error. The prosecutor did not announce a purpose for introducing the evidence, and

the court did not give a limiting instruction.  However, the circumstances under which evidence of the plea was admitted do not indicate an improper purpose.  Petitioner is not mentioned during the testimony regarding the plea agreement.  The bulk of Willoughby's testimony is about committing the burglary with Petitioner.  Willoughby's testimony implicated himself in the crime.  The jury would have heard Willoughby admit to criminal conduct even without testimony regarding his plea agreement.  The defense emphasized the guilty plea during both cross-examination and closing argument.  Defense counsel argued that the plea agreement gave Willoughby motive to lie.  Additionally, there was sufficient evidence other than the guilty plea to support Petitioner's conviction, including the surveillance tape, officer testimony, and Willoughby's testimony.  There is no aggravating factor to make the failure to issue a limiting instruction plain error.  The trial court did not plainly err by admitting evidence of Willoughby's guilty plea without limiting instruction.

Petitioner also claims that defense counsel provided deficient assistance by not requesting a limiting instruction.  Petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Moreover, during habeas review, the Court's inquiry is into whether the state court's application of the Strickland standard was unreasonable.  Harrington v. Richter, 131 S. Ct. 770, 785 (2011).  If fairminded jurists could reasonably conclude that the state court's denial of relief was appropriate, denial of habeas relief is also appropriate.  Johnson v. Sec'y, Dep't of Corr., 643 F.3d 907, 932 (11th Cir. 2011).  The trial court applied an

interpretation of the Strickland standard outlined in Maxwell v. Wainwright, 490 So. 2d 927 (Fla. 1986). (App. K at 115-16.) To satisfy the standard, Petitioner was required to show that counsel's error so prejudiced the proceeding that confidence in the outcome is undermined. 490 So. 2d at 932. This is a reasonable application of Strickland's requirement that counsel's deficient performance prejudice the defense. 466 U.S. at 688. The trial court concluded that because defense counsel focused on Willoughby's guilty plea in both cross-examination and closing argument in an attempt to discredit Willoughby, Petitioner could not show that the lack of a limiting instruction prejudiced his case. Fairminded jurists could reasonably agree with that conclusion. Therefore, the Court's inquiry into the deficiency of Petitioner's counsel is complete. The trial court did not err by denying Petitioner relief for ineffective assistance of counsel.

**F.     Claim 4**

Petitioner next claims his appellate counsel was ineffective for failing to ensure a complete record on appeal. This argument is also meritless. Petitioner relies on Justice Goldberg's concurring opinion in Hardy v. United States, 375 U.S. 277, 287 (1964), in which he made an impassioned case that an appellate attorney's duty cannot be properly discharged without reviewing the complete trial record. Although it does not appear that Petitioner's appointed appellate counsel received or reviewed the complete trial record, Petitioner's reliance on Hardy is misplaced. Justice Goldberg's opinion, while a powerful statement on the duty of zealous advocacy, was not the opinion of the Court. Justice Douglas' majority opinion is quite clear; the Court "deal[t] here only with the statutory scheme and do[es] not reach a consideration of constitutional requirements." Id.

at 282.  The statute at issue in Hardy is not at issue in this case.  As such, Hardy does not support the assertion that appellate counsel's failure to obtain the full record "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," as required by 28 U.S.C. § 2254.  Hardy expressly declined to set a constitutional standard, and a standard that has not been set cannot be violated.  Karabin v. Petsock, 758 F.2d 966, 969 (3d Cir. 1985); see also Fahy v. Horn, 516 F.3d 169, 190 (3d Cir. 2008) (rejecting the argument that Supreme Court precedent requires an automatic retrial when a portion of a transcript is missing); Scott v. Elo, 302 F.3d 598, 604 (6th Cir. 2002) (same).

      Petitioner's second basis for relief is also meritless.  Petitioner argues that appellate counsel was ineffective for failing to preserve the sentencing issue relating to his status as a career offender and for failing to file a Rule 3.800 motion raising the same issue.  As an initial matter, the Court notes that the claim was preserved.  The trial court ruled twice on the merits of Petitioner's career offender claims, once with extensive explanation.  The court of appeals in turn heard multiple appeals relating to the issue.  Further, Petitioner is barred from arguing his counsel should have filed a Rule 3.800 motion to correct an illegal sentence.  Section 2254(i) of the AEDPA provides that: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  See also Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.").  A criminal

defendant has no constitutional right to counsel for purposes of collaterally attacking a conviction. Id. A Rule 3.800 motion is a collateral post-conviction procedure, and therefore it is not grounds for habeas review of effectiveness of appellate counsel. Petitioner may have benefitted from the assistance of counsel on his motion, but as he is not constitutionally entitled to such assistance, its absence cannot be grounds for habeas relief.

The claim of cumulative error is entirely without merit. "The cumulative error doctrine provides that an aggregation of non-reversible errors . . . can yield a denial of the constitutional right to a fair trial, which calls for reversal." United States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005) (internal quotation marks omitted). The Court has not found any merit in Petitioner's claims of error. Where there is no error by the trial court, the argument that cumulative error requires reversal is meritless. United States v. Taylor, 417 F.3d 1176, 1182 (11th Cir. 2005). Claim 4 is denied on all grounds.

**CONCLUSION**

For the foregoing reasons, the Court determines that the Petition for a Writ of Habeas Corpus must be denied. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for Writ of Habeas Corpus is **DENIED**;
2. This action is **DISMISSED WITH PREJUDICE**; and

3. Because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated:   October 10, 2012

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge